UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSEPH B. SOLANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00098-WTL-MJD |
| | ) | |
| JEFFREY E. KRUEGER Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Joseph Solans for a writ of habeas corpus challenges a prison disciplinary proceeding identified as Incident Report Number 2983765. For the reasons explained in this Entry, Mr. Solans's habeas petition must be **denied**.

**A.    Overview**

Federal inmates seeking to challenge the loss of good time credits in prison disciplinary proceedings on due process grounds may petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Smith v. Bezy*, 141 F. App'x 479, 481 (7th Cir. 2005). In a prison disciplinary proceeding, the due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

**B.    The Disciplinary Proceeding**

Mr. Solans is currently confined at the Terre Haute Federal Correctional Facility. The conduct giving rise to the discipline occurred while Mr. Solans was housed at the United States Penitentiary – Canaan, in Pennsylvania. On May 6, 2017, S.O. Klinger completed an Incident Report charging Mr. Solans with Code 104, possession of a weapon. The Incident Report stated:

> On May 6, 2017 at approximately 12:00 pm, myself and Officer Koza performed a random cell search of cell 216. While performing the search, I located one plastic prison made weapon sharpened to a point in the mattress on the upper bunk. Sentry indicates that inmates Labuwi II, Thomas #96439-071 and Solans, Joseph #96647-038 are assigned to cell 216. I secured the weapon and cell and notified compound. The weapon and inmates were then escorted to the Lieutenant's office.

Dkt. 13-4, p. 5.

Mr. Solans was advised of his rights on May 6, 2017. Dkt. 134-4, p. 6. He made the following statement: "I sleep on the top bunk so I'll take the hit. I've only been here since mid-March, there was no mattress in the cell when I got here, so the counselor gave me that mattress from another unit." *Id*. A photo of the weapon was included with the Incident Report. Dkt. 13-4, p. 9.

Mr. Solans was provided a copy of the Inmate Rights at Disciplinary Hearing form on May 7, 2017. Dkt. 13-4, p. 10. Mr. Solans requested staff representative Counselor Durkin and did not wish to call any witnesses on his behalf. Dkt. 134-4, p. 12.

On May 10, 2017, an Institution Discipline Hearing was conducted. The Disciplinary Hearing Officer Report indicated that Mr. Solans waived his right to a staff representative.[1] At the beginning of the hearing, Mr. Solans was again advised on his rights. He denied the charges and made the following statement: "I got the mattress from you guys. I had to go with Durkin

---

[1] Mr. Solans initially elected staff representation by Counselor Durkin. Counselor Durkin was unavailable during the proceeding so the hearing officer offered Mr. Solans the opportunity to waive representation, postpone the proceedings, or elect warden appointed representation. Mr. Solans elected to waive representation. Dkt. 13-5, p. 3.

to get the mattress. I never did nothing but throw my sheet on it. Maybe I should've looked in it. It was a damaged mattress." Dkt. 13-5, p. 1.

The hearing officer documented the evidence he relied upon to reach the decision that Mr. Solans committed the prohibited act of possession of a weapon. Mr. Solan's grievous sanctions included the loss of 40 days good conduct time and the forfeiture of non-vested good conduct time of 20 days. Mr. Solans exhausted his administrative appeals regarding this matter. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.   Analysis**

As an initial matter, Mr. Solans concedes he was afforded the due process protections found in *Hill* and *Wolff*. Dkt. 2, pp. 3-4. He also concedes the hearing officer's guilty finding was supported by some evidence in the record. *Id*. Based on a review of the record, the Court agrees that Mr. Solans was afforded the due process protections in *Hill* and *Wolff* and the evidence was sufficient to support the guilty finding.

Briefly, Mr. Solans received advance written notice of the charges. He was notified of the charges on May 6, 2017, and the hearing was conducted on May 10, 2017. He was offered an opportunity to present evidence or witness. He declined the opportunity to call a witness. He initially requested staff representation, but later waived representation. There is no indication that the hearing officer was involved in the investigation or prosecution of the case. Mr. Solans was provided a written statement articulating the reasons for the disciplinary action. Dkt. 13-4, pp. 1-14. Finally, the decision was supported by some evidence. The Seventh Circuit has characterized this threshold as "meager" and stated that once this threshold is crossed, the inquiry ends and the disciplinary board's decision will not be reversed. *Jones v. Cross*, 637 F. 37 841, 849 (7th Cir. 2011). The hearing officer relied on the incident report that states a weapon was found in the

mattress in Mr. Solans's cell, the photographic evidence showing a 6-inch sharpened piece of plastic, and Mr. Solans's statement. This satisfies the some evidence standard.

Mr. Solans's sole claim for relief is that Bureau of Prison (BOP) staff failed to follow BOP policy when they failed to remove a damaged mattress from circulation. As a result, he was issued the damaged mattress that contained a weapon inside and his due process rights were violated when he received a disciplinary report for the weapon that resulted in a loss of credit time. In other words, Mr. Solans claims a due process violation based on USP-Canaan's failure to follow BOP policy.

A habeas claim cannot be sustained solely upon a violation of BOP policy because non-compliance with a BOP program statement is not a violation of federal law. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review.").

Accordingly, Mr. Solans is not entitled to relief on this basis.

In his reply, Mr. Solans claims that he has never seen the document submitted by the respondent and that his signature is forged.[2] However, these assertions lack specificity and Mr. Solans does not specifically state that he never received notice or provided the statements in the screening report or disciplinary report.

Moreover, any argument that he is entitled to relief because he did not have a staff representative is without merit. First, the due process protections guaranteed by *Wolff* and *Hill* do not include "staff representation." Second, the testimony that Mr. Solans stated Durkin would provide is not exculpatory because it references BOP policy regarding damaged mattress. Due process only requires access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). And as discussed above, Mr. Solans is not entitled to relief based on a violation of BOP policy.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Solans to the relief he seeks. Accordingly, Mr. Solans's petition for a writ of habeas corpus must be **denied** and the action dismissed.

---

[2] The documents Mr. Solans claims shows a forged signature show that he refused to sign them. Dkt. 13-5, p. 12.

The motion for expedited ruling, Dkt. No. 15, and motion to submit for decision, Dkt. No. 16, are **grante**d to the extent Mr. Solans's petition for writ of habeas corpus is **denied**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/31/18

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSEPH B. SOLANS
96647-038
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov